UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. CATHERINE WILKERSON,

      Plaintiff,

                                  Case No. 09-14558

v.                                Hon. Lawrence P. Zatkoff

KEVIN WARNER,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 16, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the following motions in limine:

1.      Defendant's motion to exclude and/or dismiss state law claims (Docket #66);

2.      Defendant's motion to exclude Plaintiff's claim for loss of income from employment as an element of damages (Docket #67);

3.      Defendant's motion to exclude testimony about dismissed constitutional claims (Docket #68);

4.      Defendant's motion to exclude testimony about medical treatment rendered to Blaine Coleman (Docket #69);

5.      Defendant's motion to exclude testimony about state law criminal prosecution (Docket #70);

6.      Defendant's motion to amend witness list (Docket #72); and

7.      Plaintiff's motion to exclude testimony from proposed defense witnesses who were not direct eyewitnesses to the events at issue (Docket #77).

Some motions have been fully briefed; others have not been responded to at all.  In any event, the period for filing any response and/or reply has expired.  Moreover, the Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted.

## II. BACKGROUND

Plaintiff filed a multi-count Complaint in this Court in November 2009.  Therein, Plaintiff sued Defendant and many other persons regarding events that occurred on November 30, 2006, at the Michigan League building in Ann Arbor, Michigan, included the ultimate detention of Plaintiff by Defendant for a brief period of time.  Ultimately, Plaintiff was subjected to a state law prosecution as a result of those events, but she was found not guilty of the charges brought against her.

On March 29, 2012, the Court issued an Opinion and Order dismissing Plaintiff's cause of action against Defendant and several other defendants.  Recently, the Sixth Circuit Court of Appeals rendered a decision affirming this Court's ruling as to all but two of the counts of Plaintiff's Complaint.  The Sixth Circuit reversed and remanded the case to this Court with respect to Plaintiff's federal claim of excessive force against Defendant and the related state law claim for assault and battery.  The facts and background of this case are set forth extensively in this Court's March 29, 2012, Opinion and Order and the Sixth Circuit's opinion; accordingly, the Court incorporates those facts by reference and does not restate them herein.  To the extent any facts stemming out of the underlying incident are relevant to the motions presently before the Court, such facts will be discussed below in conjunction with the Court's analysis of those motions.

# III.  ANALYSIS

## A.    State Law Claims

Defendant contends Plaintiff's claims for false imprisonment and malicious prosecution have already been dismissed and that the assault and battery claim should be dismissed because it was not brought within the applicable two-year statute of limitations.  Plaintiff did not file a response to Defendant's motion.  The Sixth Circuit affirmed this Court's dismissal of the false imprisonment and malicious prosecution claims.  Therefore, those claims are no longer before this Court.

As to Defendant's contention that the assault and battery claim should be dismissed, the Court notes that Plaintiff filed her cause of action on November 20, 2009, which was nearly three years after the incident at issue occurred (November 30, 2006).  The statute of limitations for an assault and battery claim in Michigan is two years. *See* M.C.L. § 600.5805.  Therefore, Plaintiff's assault and battery claim was not filed within the statute of limitations and is subject to dismissal as time-barred.  The Court also notes that Plaintiff has not challenged Defendant's motion to dismiss the assault and battery claim.  Accordingly, the Court shall dismiss Plaintiff's assault and battery claim.

For the reasons set forth above, the Court grants Defendant's motion to dismiss Plaintiff's state law claims.

## B.    Loss of Income Damages

Defendant asks the Court for an order precluding Plaintiff from presenting evidence at trial as to any loss of income from employment as a consequence of this case.  Defendant relies on Plaintiff's deposition testimony.  Although Plaintiff testified that she lost her job at a health clinic as a result of this case, she also testified that:

3

1.      Her contract with the health clinic was up for renewal;

2.      The new contract contained a personal conduct clause she objected to;

3.      She refused to sign the new contract;

4.      She was separated from the clinic because of "their feeling I was not a good fit for the clinic anymore because – in part, due to this case;"

5.      Because Defendant's report was "the pivotal piece of evidence that was used to bring the charges against me, and my loss of my job was directly related to the prosecution and the trial."

In answering interrogatories, Plaintiff also made clear that she lost her job because of the allegedly (malicious) prosecution against her related to the incident on November 30, 2006. As noted above, however, the malicious prosecution claim has been dismissed.

Accordingly, for the foregoing reasons and because Plaintiff has failed to contest Defendant's motion to exclude evidence related to loss of income from employment, the Court grants Defendant's motion to exclude evidence related to loss of income from employment.

## C.      Constitutional Claims

Defendant seeks to exclude any reference at trial to any testimony relating to the events related to Plaintiff's claims based on: (1) First Amendment speech, assembly and petition, (2) Fourth Amendment unreasonable seizure and prosecution without probable cause, and (3) a conspiracy to violate Plaintiff's civil rights. Defendant contends such testimony would be irrelevant for purposes of determining Plaintiff's excessive force claim. Plaintiff did not file a response to Defendant's motion to exclude such testimony.

As noted above, the Sixth Circuit has affirmed this Court's dismissal of all of Plaintiff's claims, except for Plaintiff's excessive force claim against Defendant (and the assault and battery claims against Defendant that the Court has now dismissed again). The dismissed claims include

those based on: (1) First Amendment speech, assembly and petition, (2) Fourth Amendment unreasonable seizure and prosecution without probable cause, and (3) a conspiracy to violate Plaintiff's civil rights. Accordingly, any testimony regarding such claims or the basis for them will be irrelevant for purposes of determining whether Defendant used excessive force when detaining Plaintiff. Therefore, except as expressly permitted below, the Court grants Defendant's motion to exclude any reference at trial to any testimony relating to: (1) First Amendment speech, assembly and petition, (2) Fourth Amendment unreasonable seizure and prosecution without probable cause, and (3) a conspiracy to violate Plaintiff's civil rights.

**D.      Medical Treatment Rendered to Blaine Coleman**

Defendant seeks to exclude any reference at trial: (1) as to the appropriateness of the medical treatment being rendered to Blaine Coleman by Huron Valley Ambulance ("HVA") emergency medical technicians ("EMTs"), or (2) as to any contention that Plaintiff had established a doctor/patient relationship with Mr. Coleman such that she had any rights or duties to be involved in his care after the HVA EMTs arrived. Plaintiff did not file a response to this motion. The Court has already held, and the Sixth Circuit has affirmed, that Plaintiff's claims related to the treatment of Mr. Coleman were not viable. Testimony related to such claims is, therefore, irrelevant to the remaining claim in this case – Plaintiff's claim for excessive force against Defendant. Accordingly, and for the foregoing reasons, the Court grants Defendant's motion to exclude any reference at trial regarding the treatment of Blaine Coleman, except as expressly permitted below.

**E.      State Law Criminal Prosecution**

Defendant seeks an order excluding any reference at trial to Plaintiff's state law prosecution. Plaintiff does not oppose that request. Plaintiff also noted that Defendant's testimony at the state

trial that he believed Plaintiff should have been criminally charged for the incident on November 30, 2006, should not be permitted at a trial in this case. Defendant's counsel concurred that Defendant should not be permitted to testify at a trial in this case regarding Defendant's belief that Plaintiff should have been criminally charged for her conduct at the Michigan League building on November 30, 2006. Defendant's counsel further indicated that Defendant would be instructed not to testify as to his opinion that Plaintiff should have been criminally charged for her conduct on November 30, 2006.

Accordingly, for the reasons stated above, the Court grants Defendant's motion to exclude any reference at trial to Plaintiff's state law prosecution. The Court will also order that Defendant shall not testify at trial regarding his belief that Plaintiff should have been criminally prosecuted for her actions on November 30, 2006.

**F.     Amend Witness Lists**

Defendant seeks to amend his witness list to add the records custodians for Michigan Spine and Orthopedic Rehabilitation, Inc. and Probility Physical Therapy. Plaintiff does not oppose the addition of those two records custodians. Accordingly, the Court grants Defendant's motion to add the records custodians for Michigan Spine and Orthopedic Rehabilitation, Inc. and Probility Physical Therapy.

**G.     Witnesses Who Were Not Direct Eyewitnesses**

Plaintiff seeks to exclude testimony from 12 defense witnesses Plaintiff contends were not direct eyewitnesses to the events that occurred at the Michigan League building on November 30, 2006, between the time when HVA EMT Dean Lloyd requested that Defendant remove Plaintiff from the scene and when Defendant was no longer with Plaintiff in the stairwell. Plaintiff contends

6

that those 12 witnesses are not competent to testify to events that fall "within the properly limited scope of this trial." All but one of the twelve witnesses listed by Plaintiff were present—at some point—at the Michigan League building on November 30, 2006, at or about the time of the events which led to Defendant detaining Plaintiff.

Before addressing the merits of Plaintiff's motion, the Court addresses Defendant counsel's opposition to Plaintiff's motion on the basis that the motion is untimely. Defendant counsel's position is misplaced. Although it is true that Plaintiff's motion was not filed prior to the motion in limine deadline set by the Court, the issue of ascertaining the scope of the trial was explicitly and clearly discussed by counsel for the parties (two of whom were attorneys for Defendant, including the attorney who signed the response brief) at the Final Pretrial Conference held on May 8, 2014. In fact, in addition to the issue being discussed: (1) the parties agreed that it would assist them in preparing for trial and/or trying to settle the case if the Court provided them with a better understanding of what the scope of the trial would be, ___AND___ (2) asked the Court to make a ruling on the scope of the trial before they spent any additional time completing their joint final pretrial order and joint jury instructions, neither of which was properly prepared for the Final Pretrial Conference, as ordered by the Court, ___AND___ (3) the Court ordered the parties to brief the issue of the scope of the trial, ___AND___ (4) the parties agreed on dates to file their briefs. The Court now turns to the merits of Plaintiff's motion.

In her brief, Plaintiff contends that the excessive force that is to be tried is based on her allegations that Defendant: (a) grabbed her roughly, (b) threw her up against a wall, (c) twisted her arm forcefully behind her back causing extreme pain, and (d) continued to twist her arm behind her back even after Plaintiff pleaded with him to stop because she had a bad shoulder and was

7

experiencing extreme pain.  In essence, Plaintiff seeks to limit the testimony at trial regarding the events at the Michigan League building on November 30, 2006, to a very narrow period of time, *i.e.*, from the moment Defendant put his hands on Plaintiff until such time as Defendant left Plaintiff in the stairwell with another officer.

Plaintiff accurately notes that, in the ill-prepared proposed joint final pretrial order presented to the Court by the parties, Defendant asserted there are three issues of fact to be litigated:

1. Whether Plaintiff was voluntarily leaving the Michigan League building before Defendant detained her;

2. Whether the force used by Defendant in detaining Plaintiff and removing her from the area was excessive in nature and extent; and

3. Whether Plaintiff suffered any objectively observable injury as a result of her detention.

Defendant contends that, in order to assess those issues of facts, the testimony of witnesses who observed the events at the Michigan League building on November 30, 2006, that led up to Plaintiff's detention is relevant and necessary, as their observations are critical to the jury's determination of whether Defendant's actions were objectively reasonable.  Defendant states that he:

> only proposes to offer testimony regarding the events that occurred in the hallway where the U/M DPS officers were detaining [Blaine] Coleman on the floor, through the arrival of the HVA medical personnel, and leading up to Plaintiff's detention and removal by Defendant.  Again, it will be extremely important for the jury to understand the chaotic and inflammatory nature of the events transpiring in the hallway that led up to Plaintiff's detention, in order to determine if the degree of force used by Defendant in that detention was objective unreasonable.

The Court finds that, except for Defendant himself, the earliest relevant point about which any witness can testify is the instant Defendant appeared on the scene of Mr. Coleman's detention.

8

Importantly, as each parties set forth in her/his brief, "the jury must decide whether the Defendant's use of force was objectively reasonable under the circumstances. In doing so, the jury must utilize an 'objective-reasonableness standard, which depends on the facts of each case **viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight**.'" *See* Plaintiff's Brief, at 7, and Defendant's Brief, at 4-5 (*quoting Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007) (*citing Graham v. Connor*, 490 U.S. 386, 395-96 (1989)) (emphasis added)). As the *Fox* and the *Graham* cases indicate, it is the perspective of the reasonable officer that matters. Thus, in determining the perspective of the reasonable officer in Defendant's shoes, only what the reasonable officer knew or could have known (observed) would be relevant to the jury's determination of the perspective a reasonable officer could have had regarding the events at issue.

In other words, anything that transpired prior to Defendant's arrival at the scene of the detention and/or treatment of Mr. Coleman would not assist the jury in determining whether <u>Defendant's</u> actions when detaining Plaintiff were objectively reasonable. Therefore, any observations or actions by University of Michigan public safety officers, HVA EMTs, other law enforcement officers, Plaintiff or any other witness as to what was happening <u>prior to</u> Defendant's arrival at the scene of the detention and/or treatment of Mr. Coleman are not relevant to litigating Plaintiff's claim that Defendant used excessive force when detaining her. Therefore, the Court shall order that such testimony is barred and order that counsel for the parties shall not elicit or seek to admit any such testimony.

The Court also notes that, as it relates to Mr. Coleman, the Court has ordered the exclusion of any testimony regarding the treatment being administered to Mr. Coleman. The only exception to that exclusion shall be that the Court will permit generic testimony that, immediately prior to her

detention by Defendant, Plaintiff disagreed with the medical treatment being provided to someone in the hallway at the Michigan League building.  Such generic testimony, however, shall not identify: (1) Mr. Coleman in any manner (other than as a male), (2) what medical treatment was being administered to Mr. Coleman,  or (3) the medical treatment Plaintiff believed should be, or should not be, administered to Mr. Coleman.

As it relates to Defendant, Defendant may testify as to any radio call he received prior to arriving at the scene of Mr. Coleman's detention, provided that such testimony must be limited to why he was dispatched to that scene, without any detail as to the speaker or the content or topic of the speech that Plaintiff attended.

Finally, as it relates to the generic testimony regarding Plaintiff's disagreement with the medical treatment being provided to Mr. Coleman and any testimony Defendant may give regarding the nature of any radio calls dispatching him to the scene, the Court encourages the parties to discuss the parameters of what that testimony might include.  If possible, and in order to avoid any witness from testifying in violation of the parameters defined by the Court herein, the parties could stipulate to certain language regarding Plaintiff's objection to the medical treatment being administered to Mr. Coleman and/or what was communicated to Defendant via radio dispatch prior to his arrival at the scene.

## IX.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that:

10

1.      Defendant's motion to exclude and/or dismiss state law claims (Docket #66) is GRANTED;

2.      Defendant's motion to exclude Plaintiff's claim for loss of income from employment as an element of damages (Docket #67) is GRANTED;

3.      Defendant's motion to exclude testimony about dismissed constitutional claims (Docket #68) is GRANTED;

4.      Defendant's motion to exclude testimony about medical treatment rendered to Blaine Coleman (Docket #69) is GRANTED;

5.      Defendant's motion to exclude testimony about state law criminal prosecution (Docket #70) is GRANTED;

6.      Defendant's motion to amend witness list (Docket #72) is GRANTED; and

7.      Plaintiff's motion to exclude testimony from proposed defense witnesses who were not direct eyewitnesses to the events at issue (Docket #77) IS GRANTED IN PART and DENIED IN PART.

In furtherance of the foregoing rulings, IT IS HEREBY ORDERED that the parties are barred

from:

A.       Offering, and shall not offer, at trial any evidence related to loss of income from employment.

B.      Making, and shall not make, any reference at trial to any testimony relating to: (1) First Amendment speech, assembly and petition, (2) Fourth Amendment unreasonable seizure and prosecution without probable cause, and (3) conspiracy to violate Plaintiff's civil rights, except as expressly permitted herein.

C.      Making, and shall not make, any reference at trial regarding the treatment of Blaine Coleman, except as expressly permitted herein.

D.      Make, and shall not make, any reference at trial to Plaintiff's state law prosecution.


IT IS FURTHER ORDERED that Defendant shall not testify at trial regarding his belief that Plaintiff should have been criminally prosecuted for her actions on November 30, 2006.

11

IT IS FURTHER ORDERED that, except as expressly stated otherwise herein: (1) no witness may testify about anything that happened in the hallway of the Michigan League building on November 30, 2006, <u>prior to</u> Defendant's arrival at the scene of the detention and/or treatment of Mr. Coleman, (2) counsel for the parties shall not elicit or seek to admit any such testimony, except as expressly authorized by the Court.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2014